# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOSE N. QUINONES,**

      Plaintiff,

vs.                                               Civ. No. 03-787 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed November 17, 2003. Docket No. 13. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is not well taken.

## I. PROCEDURAL RECORD

Plaintiff, Jose N. Quinones, applied for Disability Insurance Benefits on September 27, 1993 alleging that he was disabled since May 10, 1993 because of a severe back injury. In a decision dated November 9, 1994, an Administrative Law Judge ("ALJ") found that Plaintiff was disabled under the Medical-Vocational Guidelines ("Grids"). Tr. 155-158. At the time of this decision, the ALJ recommended that Plaintiff's case be reviewed in one year for medical improvement. Tr. 158. On June 24, 1996, Plaintiff's benefits were continued as there was no medical improvement. Tr. 171. On November 29, 2000, a hearing was held by a hearing officer to evaluated Plaintiff's condition for

1

medical improvement. Tr. 170-76. The hearing officer found that Plaintiff was no longer disabled as he had demonstrated medical improvement related to the ability to work as of August 1, 2000. Id. Plaintiff administratively appealed this decision. A hearing was held on January 28, 2003 before an ALJ. In a decision dated May 12, 2003, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work with "no prolonged standing or walking and with occasional use of all postural movements." Tr. 18. Based on the testimony of the vocational expert, the ALJ found that Plaintiff could perform other work existing in significant numbers within the national economy to include work as a parking lot attendant and cashier. Tr. 18, 55-56. On June 13, 2003, the Appeals Council issued its decision denying request for review and upholding the final decision of the ALJ. Tr. 6. Plaintiff subsequently filed his complaint for court review of the ALJ's decision on July 3, 2003.

At the time of the hearing Plaintiff was 38 years old and had a sixth grade education.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th

2

Cir. 1988).

After the Commissioner finds a claimant disabled he "must evaluate [the claimant's] impairments from time to time to determine if [he is] still eligible for disability cash benefits." 20 C.F.R. §404.1589. In a "continuing disability review," the Commissioner has the burden to show that the claimant can perform substantial gainful activity. Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994). Further, no "inference as to the presence or absence of disability [is] drawn from the fact that the individual has previously been determined to be disabled." 42 U.S.C. §423(f).

The Commissioner may find that a claimant is no longer entitled to disability benefits because his impairment has ceased, does not exist, or is not longer disabling, if such findings is supported by:

"(1) substantial evidence which demonstrates that-(A) there has been medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity..."

42 U.S.C. §423(f).

### III. MEDICAL HISTORY

At the time Plaintiff was found disabled, the medical record showed he had a severe lumbar disc disorder with myelopathy and right L5 radiculopathy. He could not stand for prolong periods and had numbness in all extremities. In 1996, the Plaintiff underwent surgery which involved decompressive laminectomies at the L5-6 levels and a 360 degree anterior and posterior function at the L5-6 and L6-S1 levels using hardware. After his surgery, the medical record shows that the Plaintiff has only residual pain from his back condition. Tr.281-283 and 294-301

### IV. DISCUSSION

3

Listing 1.04.

Plaintiff asserts that the ALJ erred in finding that he did not meet medical Listing 1.04. 20 C.F.R. Subpt. P, App. 1, §1.04. In support of his argument Plaintiff relies on medical records which indicate his condition prior to surgery. The record shows that Plaintiff improved after surgery. Plaintiff also relies on the records and opinion of Dr. Eduardo Castrejon. As discussed below, the ALJ acted properly in not giving the opinion of Dr. Castrejon substantial weight.

The ALJ specifically considered Listing 1.04 and found that Plaintiff's "symptoms are not commensurate with the required level of severity..." Tr. 15. Listing 1.04, Disorders of the spine, requires:

> "(e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: A. Evidence of nerve root compression...or B. Spinal arachnoiditis...or C. Lumbar spinal stenosis..."

20 C.F.R. Pt. 404, Subpt P, App. 1. §1.04.

The record demonstrates that Plaintiff clearly does not meet Listing 1.04. On July 5, 2000, Plaintiff underwent a consultative examination with Michael J. Mrochek, MD. Tr. 281-283. Plaintiff was able to stand and walk without any antalgic gait and with no assistive devices. Tr. 282. Plaintiff was able to sit and bend without assistance and his speed, stamina, stability and coordination appeared normal. Id. X-rays of the lumbar spine showed that Plaintiff's fusion was intact and there was no evidence of loosening. Tr. 283. Dr. Mrochek found that there was no firm evidence of radiculopathy and that the Plaintiff could do "some work." Id. There is no evidence in the record of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required pursuant to Listing 1.04.

After Plaintiff received post surgery treatment, he did not seek medical attention for three years. On August 15, 1999, Plaintiff complained of a sprained ankle and a re-injury to his back while

lifting at work. Tr. 278-80. He was released to return to work on September 1, 1999 and was restricted to lifting no more than 25 pounds. Id. The record demonstrates that Plaintiff did not meet all the specified medical criteria in 1.04. Sullivan v. Zebley, 493, U.S. 521, 530 (1990). Thus, the ALJ did not err in finding that Plaintiff did not meet Listing 1.04.

    Treating physician's opinion.

Plaintiff asserts that the ALJ erred in not giving substantial weight to Plaintiff's treating physician, Dr. Castrejon. The ALJ must give "controlling weight" to the treating physician's opinion, provided that the opinion "is well-supported ...and is not inconsistent with other substantial evidence." 20 C.F.R. §1527(d)(2). The ALJ specifically considered the opinion of Dr. Castrejon but found that "Dr. Castrejon's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled." Tr. 16. The ALJ further noted that the treatment history is brief and "his opinion is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." Id. The ALJ properly rejected Dr. Castrejon's opinion that Plaintiff was disabled and could not work. Castellano v. Secretary of Health and Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994). Dr. Castrejon's records show no examination results, laboratory testing or other objective data. His treatment notes document Plaintiff's complaints, vital signs and prescriptions. Tr. 16. The notes fail to indicate any significant findings or limitations as a result of Plaintiff's's back pain. Tr. 320-23, 325-26, 328-37, 377-82 and 385-87. These are specific, legitimate reasons for the ALJ's decision. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996).

Moreover, there is medical evidence to support the ALJ's finding that Plaintiff had the residual functional capacity for light work as Dr. Mrochek opined that Plaintiff could work with some

5

restrictions. Further, Dr. Mrochek agreed with the residual functional capacity determination by the Disability Determination Services physicians that Plaintiff could perform a restricted range of light work. Tr. 284, 294-301.

Credibility determination.

Plaintiff asserts that the ALJ erred in his credibility determination. The ALJ linked his credibility findings to the evidence. Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). He found that Plaintiff's complaints were "inconsistent with the objective medical evidence and unpersuasive as to the disabling effects of his impairment." Tr. 16. The ALJ also noted that the Plaintiff was seeing only one physician, Dr. Castrejon, and that his "own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled." Id. The ALJ further stated that "[t]here is no evidence that the claimant's back surgery or medical treatment was anything less than successful. While there is evidence the claimant may experience back discomfort, there is no evidence that is has prevented him from performing work activity." Id. Plaintiff contends that the ALJ failed to consider that he had to lay down often during the day because of his pain. As discussed above, there is no medical or other objective evidence to support this limitations. Subjective complaints of pain may be disregarded if unsupported by the objective medical evidence. Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987); Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990).

Consultative examination.

Plaintiff contends that the ALJ should have ordered a consultative examination. Plaintiff's argument fails on two grounds. First, a consultative examination was performed on the Plaintiff on

6

July 5, 2000. Dr. Mrochek found that Plaintiff could work. Tr. 283. Second, consultative examinations are required only when the medical evidence in the record is inconclusive or incomplete. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The record is clear that after the surgery, Plaintiff improved. He did not seek medical treatment for years. His x-rays showed that the fusion was intact and there was no evidence of loosening. There is simply no objective evidence that Plaintiff is unable to do any work.

Plaintiff asserts that the ALJ should have sought clarification from Dr. Castrejon. Again, Plaintiff's argument fails. "[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receives from [the claimant's] treating physician' that triggers the duty." White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002)(ALJ properly concluded treating physician's' opinion rested on Plaintiff's subjective assertions; that it was based on "less detailed" medical examinations; and there were discrepancies between the functional assessment and the x-rays); 20 C.F.R. §1527(d)(2). As in White, the ALJ found that Dr. Castrejon's opinion that Plaintiff was unable to work was based on Plaintiff's subjective complaints rather than objective medical evidence.

Finally Plaintiff vaguely asserts that the ALJ's discussion of Plaintiff's RFC is inadequate. The Court finds no merit to this argument. The decision demonstrates that the ALJ carefully considered all the evidence in determining the Plaintiff's RFC.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is denied.

_____

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**